THE NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY *v.*
THE RAILROAD & PUBLIC UTILITIES COMMISSION, *et al.*

(*Nashville.* December Term, 1929.)

Opinion filed December 13, 1930.

Fitzgerald Hall, Seth M. Walker, Frank Slemons and Walton Whitwell, for complainant, appellant.

Thomas & Cummings and Roy H. Beeler, for defendant, appellee.

Mr. Chief Justice Green delivered the opinion of the Court.

The bill herein was filed to enjoin the Railroad and Public Utilities Commission from putting into effect certain intrastate freight rates fixed by that tribunal after a hearing. A petition to rehear, or to stay their order, was denied by the Commission. The rates fixed by the Commission are not attacked as confiscatory and no review of the Commission's action upon its merits is sought. The bill avers that at the same time the proceedings were begun before the Tennessee Commission which resulted in the order aforesaid (reducing the rates), proceedings were instituted before the Interstate Commerce

Commission to secure a reduction in interstate rates in the same general territory. It appears from the bill that the Interstate Commerce Commission still has this application under investigation. It is charged that, if the Interstate Commerce Commission decides that the interstate rates involved should be maintained at their present level, the reduction of rates fixed by the Tennessee Commission as aforesaid will result in placing an undue burden on interstate commerce. It is further averred in the bill that it is the purpose of the complainant, in the event the Interstate Commerce Commission orders the maintenance of the present interstate rates, to institute proper proceedings before that body, as authorized by the amendments to section 13 of the Act to regulate commerce contained in the transportation Act, February 28, 1920, 41 Stat. at L. 484, chap. 91, U. S. C. Title 49, sec. 13, to have intrastate rates prescribed which will remove the discrimination.

A preliminary injunction was granted by the chancellor but, upon the hearing, he dissolved this injunction and dismissed the bill. The complainant thereupon appealed to this court.

 That the relief sought by the complainant here is not justified by the Acts of Congress has been expressly decided by the Supreme Court of the United States in *Board of Railroad Commissioners* v. *Great Northern Railway Company,* 281 U. S. 412, 74 L. Ed., 936. In that case the North Dakota Railroad Commission made an order prescribing certain intrastate rates. At the time an investigation was under way by the Interstate Commerce Commission, in conjunction with the State Commissions, of the rate structure of all common carriers subject to the Interstate Commerce Act. A bill was filed

in the District Court of the United States seeking to enjoin the enforcement of the order of the North Dakota Commission pending the determination by the Interstate Commerce Commission of the question whether the rates thus prescribed caused an undue or unreasonable discrimination against interstate commerce. There was a hearing in the District Court before three judges and the injunction was granted. The Supreme Court reversed the action of the court below and, among other things, said:

"It is said that the interlocutory injunction, granted below, was in aid of the proceedings pending before the Interstate Commerce Commission. But the injunction necessarily has the effect of preventing the state from enforcing the rates it has prescribed, which are lawful rates until the Interstate Commerce Commission finds that they cause an unjust discrimination against interstate commerce. A judicial restraint of the enforcement of intrastate rates, although limited to the pendency of proceedings before the Interstate Commerce Commission, is none the less essentially a restraint upon the power of the state to establish rates for its internal commerce, a power the exercise of which in prescribing rates otherwise valid is not subject to interference upon the sole ground of injury to interstate commerce, save as Congress has validly provided. Congress has so provided only in the event that, after full hearing in which the state authorities may participate, the Interstate Commerce Commission finds that unjust discrimination is created. Congress forbids the unjust discrimination through the fixing of intrastate rates but entrusts the appropriate enforcement of its prohibition primarily to its administrative agency.

"It is urged that the restraining power of the court is needed to prevent irreparable injury. But, in this class of cases, the question whether there is injury, and what the measures shall be to prevent it, is committed for its solution preliminarily to the Interstate Commerce Commission." *Board of R. Comrs.* v. *Great Northern R. Co., supra.*

It is urged, however, by the complainant that this decision is applicable only to proceedings in the Federal Courts, the jurisdiction and power of which courts are defined and limited by the Constitution and laws of the United States. And it is argued that a court of chancery in Tennessee, upon general principles of equity jurisprudence, should award the injunction herein sought.

Counsel for the complainant likened this bill to a bill to stay waste, the proposition being that if complainant should finally succeed in abrogating the order of the Tennessee Commission and in restraining the present rates, it will meanwhile have suffered the irremediable loss of the difference between the present rate and the new rate. It offers to make bond to indemnify shippers, if finally unsuccessful in its efforts before the Interstate Commerce Commission.

Assimilating the case to a suit to stay waste and applying applicable principles, this application must fail. The bill discloses that complainant's right to maintain the present interstate rates is in controversy and that a further controversy must be instituted by it to establish undue discrimination, if it succeeds in maintaining the interstate rates now in force. In other words, the complainant is seeking to protect an alleged right—a right which must be established in two suits. An injunction to prevent waste issues only where the plaintiff has a

clear title. High on Injunctions, section 651, 32 C. J., 123. There is no relevant statute like section 5548, Thompson's-Shannon's Code, which authorizes an injunction, pending real actions and actions for the recovery of personal property *in specie* to prevent the injury, removal or destruction of the property, until final disposition.

The injunction cannot be awarded on the theory of irreparable injury. The complainant will suffer no injury under the law unless in the proceedings now before the Interstate Commerce Commission it obtains a decision that the interstate rates in the general territory involved should be maintained at their present level, and unless it then procures a decision from the Interstate Commerce Commission that the new rates fixed by the Tennessee Commission cause an "undue or unreasonable advantage, preference or prejudice as between persons or localities in intrastate commerce on the one hand and interstate or foreign commerce on the other hand." The proceedings last named is outlined in subsections 3 and 4, section 13, title 49, U. S. C. As said by the Supreme Court in *Board of Railroad Commissioners* v. *Great Northern Railroad Co., supra,* such an inquiry "would necessarily relate to technical and intricate matters of fact and the solution of the question would demand the exercise of sound administrative discretion."

■ A court of equity will not award an injunction to prevent irreparable injury when it is not clear that the complainant will suffer any injury. An injunction will not be granted on this ground unless the injury is threatened or imminent and, in all probability, about to be inflicted. The writ will not issue merely to relieve the fears or apprehensions of an applicant. High on In-

junctions, section 22; Beech's Modern Equity Jurisprudence, section 741, 32 C. J., 42.

"Irreparable injury must not be fancied, or a matter of inconvenience, but must be real and practically unavoidable, and certain to follow." *Kelly* v. *Conner,* 122 Tenn., 339, 395.

This court has in many cases declared that an injunction will not be granted to prevent an injury where that injury was eventual, remote, contingent—where it may never accrue. *Kirkman* v. *Handy,* 30 Tenn. (1 Humph.), 406; *White* v. *Schurer,* 63 Tenn. (4 Baxt.), 23; *Moore* v. *Hallum,* 69 Tenn. (1 Lea), 511; *Pierce* v. *Gibson County,* 107 Tenn., 224; *Memphis St. R. Co.* v. *Rapid Transit Co.,* 133 Tenn., 99.

The complainant alludes to the injunction it herein seeks as an interlocutory injunction. Strictly speaking, it can hardly be so described, for the court asked to award the writ was without jurisdiction to make final disposition of the matter—the ultimate decision resting with the Interstate Commerce Commission. Even though the application be viewed as one for a preliminary or interlocutory injunction, it would fail, because the bill does not make a *prima-facie* case of complainant's right to ultimate relief. The bill does not set out facts from which it can be seen that the prevailing interstate rates will probably be upheld and that the new intrastate rate will impose an undue burden on interstate commerce. To justify a preliminary injunction, a *prima-facie* case entitling the plaintiff to final relief must be disclosed. *Amelia Milling Co.* v. *Tennessee Coal, etc., R. Co.,* 123 Fed., 811; *Childs* v. *Columbia,* 87 S. C., 566, 34 L. R. A. (N. S.), 542; High on Injunctions, sections 5, 22, 32 C.

J., 38. It is said on the brief of counsel that nobody knows how the Interstate Commerce Commission will decide the case pending before it involving the present interstate rates.

This bill more nearly resembles one seeking an injunction to maintain a status pending a suit at law. An injunction does not, however, issue under such circumstances if the suit at law involves disputed and doubtful questions. *Stevens* v. *Patterson & N. R. Co.*, 20 N. J. Eq., 126; *Beidenkopf* v. *Des Moines L. Ins. Co.*, 160 Ia., 629, 46 L. R. A. (N. S.), 290, 32 C. J., 40.

Perhaps as liberal a view on the subject as is to be found in the books is that expressed by Chancellor COOPER as follows:

"All it seems to me, that the judge should require, upon the preliminary application is a case of probable right, and probable danger to that right without the interposition of the court and then his discretion should be regulated by the balance of inconvenience or injury to one party or the other." *Flippin* v. *Knaffle*, 2 Tenn. Chy., 238.

As above noted, the complainant does not allege a probable right but concedes on the brief that no one can foretell the action of the Interstate Commerce Commission.

The issuance of an interlocutory or preliminary injunction is a matter of legal discretion with the chancellor. *The McMinnville, etc., R. Co., et al.* v. *Huggins, et al.*, 47 Tenn., 217, 226; *Flippin* v. *Knaffle, supra.*

The presumption is that a rate fixed by a State Commission, acting under statutory authority, is valid and the burden is on the carrier to show the contrary.

*Chicago, etc., R. Co.* v. *Tompkins,* 176 U. S., 167, 44 L. Ed., 417.

For the reasons stated, the decree of the chancellor is affirmed and the cause remanded for proceedings on the injunction bond.