IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 26, 2012 Session

## 4215 HARDING ROAD HOMEOWNERS ASSOCIATION
## v. STACY HARRIS

**Appeal from the Chancery Court for Davidson County**
**No. 091685II      Carol L. McCoy, Chancellor**

———————————

**No. M2011-02763-COA-R3-CV - Filed December 14, 2012**

———————————

Former owner of condominium unit whose unit was ordered sold after being determined, due to unsanitary conditions and offensive odors, to constitute a nuisance, appeals the trial court's order permanently enjoining her from acquiring a unit in the condominium. Finding no error, we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Stacy E. Harris, Nashville, Tennessee, Pro Se.

Nicholas A. Lastra, Franklin, Tennessee, for the Appellee, 4215 Harding Road Homeowners Association.

## OPINION

This case comes before us for the second time. In the earlier appeal, we affirmed the trial court's holding that the grossly unsanitary conditions in Ms. Harris' condominium unit and resulting odors that emanated into the common areas violated the Master Deed and Bylaws of the condominium and granted the Homeowners Association's request that her unit be sold. *See 4215 Harding R. Homeowners Ass'n v. Harris*, 354 S.W.3d 296 (Tenn. Ct. App. 2011). The current appeal stems from a motion the Association filed when the case was returned to the trial court which sought a temporary restraining order preventing Ms. Harris from purchasing another unit in the condominium and a hearing to convert the temporary order into a permanent injunction; the court declined to issue the restraining order but set a hearing on the application for temporary injunction.

In support of the application for the temporary injunction, the Association filed affidavits of the property manager and former property manager, a resident whose unit is served by the same air stack as Ms. Harris', the president of the Association, and the doorman at the condominium. In due course, Ms. Harris filed an affidavit and a motion to extend the stay which had been issued in the course of the first appeal.[1] The court thereafter entered an order which, *inter alia*, granted the Association a writ of possession to Ms. Harris' unit, authorized the Association to attempt to sell the unit by private sale, and enjoined Ms. Harris from reacquiring her interest in Unit 107. The court later entered an order permanently enjoining Ms. Harris from purchasing any unit in the condominium. Ms. Harris appeals, contending that "the Chancellor's grant of a permanent injunction under the circumstances here presented is precluded not only by [Tenn. R. Civ. P.] 64 but also by well-established principles of common law."[2]

## STANDARD OF REVIEW

A succinct statement of a trial court's power to issue injunctive relief, and this court's review of the exercise of that power, is contained in *Curb Records, Inc. v. McGraw*:

> [T]he decision to grant or deny permanent injunctive relief rests within the discretion of the trial court and is reviewed for an abuse of that discretion. *Vintage Health Res., Inc. v. Guiangan*, 309 S.W.3d 448, 466 (Tenn. Ct. App. 2009); *Medtronic, Inc. v. NuVasive, Inc.*, W2002-01642-COA-R3-CV, 2003 WL 21998480, at *10 (Tenn. Ct. App. Aug. 20, 2003). Under the abuse of discretion standard, a reviewing court cannot substitute its judgment for the trial court's judgment. *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011). Rather, a reviewing court will find an abuse of discretion only if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga–Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d

---

[1] Ms. Harris had posted a $130,000 bond to stay enforcement of the judgment which was the subject of the first appeal.

[2] Our analysis of this appeal is predicated upon the injunctive powers of the trial court granted by Tenn. R. Civ. P. 65. The purpose of Tenn. R. Civ. P. 64, governing seizures of persons or property, is to "preserve[] the statutory remedies for securing the satisfaction of a judgment ultimately to be obtained." *See* 4 Nancy F. MacLean, *Tennessee Practice Rules of Civil Procedure Annotated*, § 64:1, (4th ed. 2006).

346, 358 (Tenn. 2008); *see also Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

*Curb Records, Inc. v. McGraw*, M2011-02762-COA-R3-CV, 2012 WL 4377817, at \*3 (Tenn. Ct. App. Sept. 25, 2012).

## ANALYSIS

In discussing the basis upon which a court can issue an injunction, the court in *State ex rel. Baird v. Wilson County* stated the following:

> An injunction, of course, will not be granted unless the injury is threatened or imminent and, in all probability, about to be inflicted. The writ will not issue merely to relieve the fears or apprehensions of an applicant. *N. C. & St. L. Railway v. Railroad & Public Utilities Commission*, 161 Tenn. 592, 598, 32 S.W.2d 1043, 1045.
>
> "To justify the Court in granting the relief it must be reasonably satisfied that there is actual intention on the part of the defendant to do the act which it is sought to enjoin, or that there is probable ground for believing that, unless the relief is granted, the act will be done." High on Injunctions, Section 22.

*State ex rel. Baird v. Wilson County*, 371 S.W.2d 434, 439 (Tenn. 1963). In *Robin Media Group, Inc v. Seaton*, the court acknowledged that a prerequisite for granting injunctive relief is that a determination be made "that there exists some cognizable danger or recurrent violation, something more than a mere possibility." *Robin Media Group, Inc.*, No. 03A01-9704-CH-00146, 1997 WL 760726, at \*4 (Tenn. Ct. App. Dec. 11, 1997) (quoting *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953)). The question before us, then, is whether the record supports the trial court's determination that there was "something more than a mere possibility" that the nuisance which resulted in the Homeowners Association being placed in possession of Unit 107 would continue, such as to permit the court, in the exercise of its discretion, to issue the permanent injunction.

The finding that the conditions in Unit 107 constituted a nuisance, recounted in detail in the earlier opinion, was reached following a four-day trial. The evidence included testimony of attempts made to bring to Ms. Harris' attention the fact that the odor emanating from unit 107 was giving rise to complaints of other residents as well as of efforts the property managers and others, including residents, made to assist her in curing the conditions in the unit. The efforts, spanning a period of ten months, proved unsuccessful, causing the Association to send Ms. Harris a letter advising her that she was in violation of the Master Deed and Bylaws and to file suit pursuant to the provisions of the Master Deed. *See 4215*

*Harding R. Homeowners Ass'n*, 354 S.W.3d at 298–304. In the order which is the subject of the current appeal, the trial court referenced the earlier findings as well as the affidavits filed in support of the request for the injunction; significantly, the court found that Ms. Harris "failed to appreciate and acknowledge that her behavior constitutes a nuisance."

The affidavits filed in support of the request for injunctive relief show that the conditions which the court found to constitute a nuisance at the original trial continued as long as Ms. Harris maintained a unit at the condominium; in addition, numerous affiants attested to concerns relative to Ms. Harris' "disruptive and unacceptable" behavior.[3] Moreover, the property manager attested that Ms. Harris made an offer to purchase unit 110 in October 2011.

The trial court was familiar with the history of this matter, as well as the personalities involved; the evidence supports the findings by the court. Applying the standard of review set forth above, we find no error and will not disturb the exercise of the court's discretion in issuing the injunction.

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
RICHARD H. DINKINS, JUDGE

---

[3] The President of the Homeowners' Association attested that the Board of the Association hired a police officer to be present at the November 15, 2011 Association meeting "due to multiple complaints [the Board] has received from residents who are concerned for their physical safety in light of veil [sic] threats made by Harris."